# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

R. PEACHER, also known )
as Robert Preacher, )
 )
Plaintiff, )
 )
    vs. ) NO. 3:11-CV-79
 )
KATHRYN HAWLEY, )
 )
Defendant. )

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. section 1915A. For the reasons set forth below, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b).

## BACKGROUND

Plaintiff Robert Peacher, a prisoner currently confined at the Pendleton Correctional Facility, filed a complaint pursuant to 42 U.S.C. section 1983, alleging that, while he was housed at the Miami Correctional Facility, Correctional Sergeant Kathryn Hawley violated his federally protected rights by videotaping him during a medical examination without his permission and with the intent to humiliate him.

## DISCUSSION

Pursuant to 28 U.S.C. section 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.  Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6).  *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  In the context of *pro se* litigation, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a).  The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

Peacher brings this action under 42 U.S.C. section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law.  *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under section 1983, a plaintiff must allege violation of

rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Peacher alleges that Sgt. Hawley violated the Eighth Amendment when she videotaped him during a physical examination. A violation of the Eighth Amendment's cruel and unusual punishment clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

There is "a *de minimis* level of imposition with which the Constitution is not concerned," *Ingraham v. Wright*, 430 U.S. 651, 674 (1977), and while being videotaped during the course of a physical examination may have unpleasant or embarrassing, it falls far short of denying him the minimal civilized measure of life's necessities. Conditions that merely cause inconvenience and discomfort or make confinement unpleasant do not rise to the level of constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109

(7th Cir. 1971); *Del Raine v. Williford*, 32 F.3d 1024, 1050 (7th Cir. 1994) (Manion, J. concurring).

Peacher also alleges that by videotaping him during a physical examination Sgt. Hawley violated "his rights under the Health Information Privacy Portability Act (HIPPA)" (DE 1 at 3). But this allegation states no claim upon which relief can be granted because HIPAA does not provide a private right of action. *Doe v. Bd. of Trs. of the Univ. of Ill.*, 429 F.Supp.2d 930, 944 (N.D.Ill. 2006); *see also Runkle v. Gonzales*, 391 F.Supp.2d 210, 237 (D.D.C. 2005); *Dominick J. v. Wyoming Valley West High Sch.*, 362 F.Supp.2d 560, 572 (M.D.Pa. 2005).

"HIPAA provides civil and criminal penalties for improper disclosures of medical information, but it does not create a private cause of action, leaving enforcement to the Department of Health and Human Services alone." *Doe v. Bd. of Trs. of the Univ. of Ill.*, 429 F.Supp.2d at 944. HIPAA "specifically indicates that the Secretary of [Health and Human Services] shall pursue the action against an alleged offender, not a private individual." *Logan v. Dep't of Veteran Affairs*, 357 F.Supp.2d 149, 155 (D.D.C. 2004).

CONCLUSION

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. section 1915A(b).

**DATED: March 11, 2011**          /S/RUDY LOZANO, Judge
                                   **United States District Court**

4